Ford, J.
This is an action in mandamus. The petition reads as follows :
“Your relator, James Forbes, says: That the defendant, William F. Fiedler, is the duly elected and qualified police judge of the police court of the city of Cleveland, Ohio, and that he has been such judge during all times mentioned in this petition.
“Your relator avers that in an action pending in the said police-court at the February, 1905, Term thereof, he was tried on an information charging him with violation of ordinances, Section 711 ¿nd 712 of the city of Cleveland, and the jury in said case returned a verdict against him of guilty as charged; *284 that the said William F. Fiedler, prior to the trial of said ease, had duly qualified and entered upon the discharge of his duties as one of the judges of said court, and in the discharge of Said duties presided as judge of said police court during the trial of said case. That during the progress of said trial the s^.id relator took numerous exceptions to the rulings of the said William F. Fieldler, as such judge, but in order that the trial of said case might progress as rapidly as possible, consented that said exceptions might consequently be reduced to writing and allowed and signed by said William F. Fiedler, as such judge, and by him ordered to be made & part of the record in said ease. And the said relator, on the 6th day of February, 1905, duly excepted to the overruling by the said William F. Fiedler, -as such judge, of the relator’s motion for a new trial in said case, and then and there desired and requested the said William F. Fiedler, as such judge, to allow" this relator ten days in which to prepare and file a bill of exceptions, w-hieh was by the said judge then and there done.
“That afterwards, to-wit, on the 8th day of February, 1905, this relator, having finished and completed a true bill of exceptions in said case, which said true bill is herewith presented, attached hereto, and marked Exhibit ‘A,’ tendered and presented the same to said William F. Fiedler, as said judge, and prayed the said William F. Fiedler, as such judge, to allow and sign the same and order the same to be made a part of the record in said case; and the said William F. Fiedler on the 16th day of February, 1905, arbitrarily, unjustly and without just cause, refused to sign, allow and make a part of the record said true bill of exceptions.
“That the said William F. Fiedler, judge of the police court, as aforesaid, on said date and now, arbitrarily, unjustly and for the sole purpose of defeating this relator’s right to proceed in error in said ease, refused and now refuses to sign and allow said true bill of exceptions; that the said William F. Fiedler, fearing that because of his erroneous rulings and Charge to the jury during the trial of said case, the judgment rendered by him in said case would be reversed and said erroneous and unjust rulings be exhibited to the view of this court, refused to so sign and allow said true bill of exceptions.
“This relator further says that as a pretense for an excuse to refuse to sign and allow said bill of exceptions, the said William F. Fiedler declared, without any reason therefor, that said bill of exceptions so tendered to him was incorrect, and arbitrarily, unjustly and with the sole purpose in view to defeat this relator’s right to proceed in error, refused and still *285 refuses to point out said alleged error, and in- a high-handed and despotic manner refused to correct the same or give this relator any opportunity to correct the same.
“That this relator has offered to permit said William F. Fiedler to correct and change in any manner he might desire, or make-any changes which he might indicate in said true bill of exceptions, but he absolutely and imperiously refused in any way to indicate said alleged error in said true bill of exceptions or to correct it.
“This relator further avers that at the present time he is imprisoned in the Cleveland workhouse at hard labor, and the said William F. Fiedler in defiance of law and the rights of this defendant refuses to sign said true bill of exceptions, and this relator has no remedy at law.
“Wherefore, this relator prays that a writ of mandamus may be issued to compel said William F. Fiedler, as said judge, to allow, sign and make a part of the record said true bill of exceptions; or to correct, settle, allow, sign and make the same a part of the record; that a peremptory mandamus be directed to said William F. Fiedler, as said judge, and that this court impose a fine not to exceed five hundred dollars ($500) on said William F. Fiedler, as- provided by Section 6756, of the Revised Statutes of Ohio, for his refusal, without just excuse, to sign and allow said true bill of exceptions, and for such other relief to which he may be entitled.”
The defendant makes the following answer:
“The defendant for his answer says that he was and is one of the duly elected and qualified judges of the police court of the city of Cleveland; tha/t he presided' at the trial of said relator, who was charged with being a suspicious person and tried on same at the February, 1905, Term thereof; that sundry exceptions to the ruling of the court were taken during said trial of said relator; that the said relator had been convicted of said charge and that a motion for a new trial had been filed by said relator; that a bill of exceptions was filed in said cause and that he, the said William F. Fiedler, was requested by said relator to sign and seal the same, but the defendant denies that- the said bill of exceptions was a true and correct bill of exceptions, and the said defendant avers and says that the bill of exceptions which the relator requested him to sign and seal did not contain a true statement of the facts and its allegations are untrue and colored, for which cause he, the said William F, Fiedler, refused to sip- aud seal the same,”
*286 The question to be determined is -this: Should a peremptory-writ be allowed?
The defendant is one of the judges of the police court of the city of Cleveland, which court is an inferior court and as such the subject of bills of exceptions has to do with Section 6565 of the Revised Statutes, which reads:
“That in all cases before a justice of the peace, mayor or police judge, whether tried by jury or the justice, mayor or police judge, either party shall have the right to except to the decisions of the justice, mayor or police judge, upon any matters of law arising in the case. The party objecting to the decision must except at the time the decisiones made, and time shall be given to reduce the exceptions to writing, but not more than ten days nor less than five days 'beyond the date of overruling the motion for a new trial, if such motion be made, or from the date on which the decision of the justice, mayor or police judge, is rendered.
“When the decision objected to is entered on the record and the grounds of the objection appear in the entry, the exception may be taken by the party causing the same to be noted at the end of the entry, that he excepts, but when the decision is not entered on the record or the grounds of the decision do not sufficiently appear in the entry, or exception is- to the decision of the court on a motion to direct a non-suit, or to arrest the testimony from the jury, or for a trial, because the verdict, or if a jury is waived the finding of the court, is against the law and the- evidence, or on the admission or rejection of evidence, the party excepting must reduce this exception to writing and present the same to the trial justice, mayor or police judge, or his successor, within the time herein limited, and if the same is correct, he shall sign said bill of exceptions and file the same with the papers in the case, and note .such signing and filing in his docket, and-transmit the same with the transcript of his docket and original papers, within ten days of the date of such signing, to the clerk of the court of common pleas and by him filed and entered upon his trial docket as in other cases. The party demanding such transcript shall, if required, pay the fees of the justice, mayor or police judge, therefor in advance.”
A feeling has grown up that a justice of the peace or a police judge under the provisions of Section 6565, Revised Statutes, might answer that the bill of exceptions tendered was not a *287 true bill of exceptions, and that he was ready to sign a true bill, which answer would constitute a good defense against an application for a writ of mandamus. In other words, that these officers were not called upon under the statute to settle the bill of exceptions, not called upon to make suggestions to counsel nor to' participate or take any part in the framing or preparation of such bill.
In most of the decisions in this state that I have examined the petition in mandamus has asked to have the bill of exceptions, that is, the particular bill of exceptions, attached to the petition in mandamus, signed, and most of the eases seem to have gone off upon the theory that plaintiff, asking to have that particular bill of exceptions signed and the defendant answering that the particular bill was not a true bill, made a good defense. A somewhat different ease is presented in this action. The petition recites that application was made to the judge to sign “a” bill of exceptions; that he arbitrarily and without just cause and without assigning any excuse or reason, refused to sign said bill of exceptions; refused to point out to counsel in what respect the bill of exceptions was not correct; refused to correct the same; refused to make suggestions to defendant’s counsel, and refused to give relator an opportunity to correct same; that the relator had offered to permit defendant to correct and change in any manner he might desire, or that relator would make any changes which defendant might indicate, but that he absolutely refused to indicate said alleged error in said true bill of exceptions or to correct it.
It is probable that the learned judge below, relying upon a number of decided cases in this state, that it was a sufficient defense in a mandamus proceeding in answer that the bill was not a true bill, and inferring therefrom that a judge had no further duty in the premises, contented himself with the answer to plaintiff’s counsel that the bill was not a true bill, and declined to participate in settling the bill or to make suggestions in reference thereto. We think that under the settled law in this state and elsewhere the answer made in this ease is not sufficient to meet the allegations of the petition.
*288 ■Section 3, on page 211, of Powell on Appellate Proceedings, says:
“The object of a bill of exceptions is to bring into the record the point wherein the judge is supnosed to have erred, which the record would not otherwise show. If the point already fully appeared in the record, the bill of exceptions is entirely unnecessary. It is intended to raise a question of law upon a single point in the case, arising out of the proceedings which otherwise would not appear in the record and not to bring in review the merits and evidence of the whole case, as in cases of appeals, but bringing into the record, by means of such bill, a concise statement of the facts upon which such point of law is dependent, and the decision of the- court thereon. This is done, not for the purpose of any effect that such bill of exceptions may have in the same court, but to lay the foundation for proceedings in error, upon the point of law raised by it, if at some future time it should be thought advisable to prosecute such proceedings in error.”
Section á says:
“The bill of exceptions is a statement in writing of the objection made by the party to the decision of the court on a point of law, clearly stating the objection, with the facts and circumstances upon which it is founded; which to.attest its accuracy, is signed and sealed by the judge or court who made the decision. This is done for the sole object of putting the question on the record; and when the question fails of being properly brought upon the record to manifest the error, the bill of exceptions is of no account, and has no influence on the ease. The English statute, above alluded to, provides that ‘when one is impleaded before any of the justices, alleges an exception praying that they will allow it, and if they will not, if he that alleges the exception writes the same, and requires that the justices will affix their seals, the justices shall do so, and if one will not, another shall; and if, upon complaint made of the justice, 'the king cause the record to come before him, and the exception be found upon the roll, and the plaintiff show the written exception, with the seal of the justice thereto put, the justice shall be commanded to appear at a certain day, either'to confess or deny his seal, and if he can not deny his seal, they shall proceed to judgment according to the exception, as it ought to be allowed or disallowed.’ The principle of this statute has been adopted either by statute or practice in almost all the United States, where the course of practice is in *289 accordance with that of the common law. It is the case in Ohio, both in civil and criminal matters.”
Section 5 reads:
“In theory, the party or -his counsel, in taking the bill of exceptions, is bound to prepare and draw up the bill, stating accurately the necessary facts of the ease upon which the point of law depends, with the decision of the court thereon, to which the exception is taken; and in case the same is not true, the judge may allege that reason for not signing and sealing it. But in practice, the judge, whenever the bill is drawn up with any fairness and truth, will amend the bill to conform with his understanding of the facts or evidence upon which the question depends, or suggest such amendments, and when made right, sign and seal it. It then becomes a part of the papers of the ease from which the final record is made up, and it is as much a part of the record as the writs and pleadings.”
■ It is true, no doubt, that the judge, is not required to prepare the bill of exceptions. It is doubtless true that he is not called upon to take, ,any important part in its preparation, but a party before the court is entitled to have any exceptions that he may have taken to the rulings of the judge tried in a higher court. The statute gives him this right, and under such circumstances it is, it seems to me, perfectly manifest that it is the duty of the judge to reasonably assist in carrying out the purposes of the statute in this respect. It is the duty of the judge to assist the litigant before him to the enjoyment of this right as much as it is his duty to protect him in any other right that he may be asserting in such a court. Judges are elevated to the bench, in theory at least, on account of their learning and probity, but it is their duty to exercise the office with humility, and they should manifest an entire readiness to have all their rulings tested by courts above them in authority. To this end the judge should render such reasonable assistance as is necessary to perfect a bill of exceptions. The judge has advantage enough in the fact that the power lies with him finally to determine what is the true bill of exceptions. If he is lacking in probity or actuated by revenge, he occupies a position to do great harm to litigants, and on the presentation of a petition *290 such as is before the court now, the answer should show the degree of willingness and effort to perfect the bill of exceptions just indicated.
Section 20, page 244, Powell on Appellate Proceedings, reads as follows:
“Originally it was supposed that the judge was only bound to sign the bill when a true one was presented to him; and where there was any objection to it, he was not required to aid in its correction, and might, therefore, refuse to sign it. But the practice has for a long time been otherwise, as has been stated. In conformity with this practice the Ohio Code of Civil Procedure provides, that ‘the party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the term.’ ‘The party excepting must reduce his exception to writing, and present it to the court for allowance. If true, it shall be the duty of a majority of the judges composing the court to allow and sign it. If the writing is not true, the court shall correct it, 'or suggest the correction to be made, and it shall then be signed.’ The judge, therefore, has no right to reject it because he may say it is untrue, but must either amend it, or suggest the necessary amendment, and can only reject, when such amendmént is refused to be made.”
Note, also, Sections 34 and 35, page 235, by the same author:
“Section 34. It is the duty of the judge who tried a case to sign the bill of exceptions, when properly presented to him, as has been stated, and to use his endeavors to make it a true and fair statement of the intended point in controversy. If the bill presented is not truthful and fair, he should alter it and make it such, or suggest what alteration should be made, when such alteration can be made in the draft, or when necessary, may require it to be re-drafted in accordance with such suggestions; for he is not bound to sign a bill that is not true.
“Section 35. But if a true bill of exceptions be presented in due season, upon a matter excepted to at the proper time, and the judge refuses to allow, sign and seal it, he may be compelled to do so by a writ of mandamus; besides he would be liable to an action, for the injury in refusing and neglecting to perform his duty in that respect.”
“Section 52. The judge is bound in duty to sign the bill of exceptions when presented to him in due time, in case it is *291 true; and if not true, he should correct it, or suggest the correction to be made, and then sign and seal it when so corrected. But if the judge or court should refuse to execute a proper bill of exceptions, the party has a right to compel him to do so by a writ of mandamus. At common law the judge was only bound to sign and seal the bill, when a true one was presented, and, therefore, might.excuse himself by saying it was not true; but now by the general practice, and also by the statute in Ohio, it is the duty of the judge, in case he finds’it in any particular not true, to correct it or suggest the correction to be made, and allow reasonable time for such correction to be made, and- when presented so corrected, should then sign and seal it. Under the former practice it was sufficient excuse for not signing that it was not true; but it is apprehended that now, under the present practice and the statute, it is necessary to show something further-as an excuse, as that he suggested certain corrections to be made, in order to make it true, which amendments were refused to be so made, or that the bill of exceptions was not presented in time. ’ ’
The views just stated seem to be supported by authority in very many of the other states of the Union. In 30 W. Va., 89, it is said:
“A judge is required by the statute to sign a bill of exceptions only on the condition that the truth of the ease be fairly stated therein. The statement in the return, not traversed, that these bills do not contain the truth of the case, must be taken as conclusively true in this proceeding. But the duty of the jud^-e is not ended and fully discharged, when he merely refuses to sign a particular bill tendered, on the ground that the truth of the ease is not fairly stated therein. He should go further. He should proceed with the aid of counsel to settle the bill and when settled to sign it. Originally it was supposed that the judge was bound only to sign the bill when a true case was presented to him, and when there was any objection to it, that he was not required to aid in its. correction, and might therefore refuse to sign it. But the practice for a long time has been otherwise. If the bill presented is not truthful and fair, the judge should alter it and make it such, or suggest what alterations should be made when such alterations can be made in the draft; or, when necessary, he may require it to be redrafted in accordance with such suggestions; for he is not bound -to sign a bill that is not true. If a judge therefore refuse to sign a proper bill or proceed to settle the matter of a *292 bill objected to, he may in either case be compelled by mandamus to act.'”
Sanders, Cline & Sanders, for relator.
The rule in this state seem® to me to be clearly expressed by Lane, C. J., in a case reported in 1 Ohio Decisions, Reprint, page 52, where it is said -•
“It is not an easy hing to present a case with entire truth by a bill of exceptions, and justice requires of both court and counsel to unite in making it correct. There are reciprocal rights and duties for both. It is the duty of the court to carry into the record, when required, every one of their judicial acts; • and it is their right to demand from counsel, that the bill of exceptions shall contain every element which the court assume as the basis of their action. If the court decline to adopt the counsel’s draft, common fairness requires of them to point out the cause of refusal, so that objections may be removed, either by an amended draft, or by the introduction of further statements.U
As I have indicated, I have no doubt the learned judge below is more than ready to perform his duty under the law, and the order in this case will be to sign and settle a bill of exceptions in accordance with the views above expressed.